IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 20 CV 1792** |
| | ) | **(Underlying Case No. 19 CR 277)** |
| vs | ) | |
| | ) | **Emergency Judge Gary Feinerman** |
| CONCEPCION MALINEK, | ) | **Assigned to Judge Edmund Chang** |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S EMERGENCY MOTION
## TO REVOKE DETENTION ORDER

NOW COMES the defendant, **CONCEPCION MALINEK,** by and through her

attorney, **ROBERT L. RASCIA,** and moves this Honorable Court, pursuant to Title 18,

U.S.C. §3145(b), to enter an order revoking the order of detention entered by Magistrate Judge

Jeffery Cole on March 29, 2019, and to enter an order granting her release on a secured bond

with conditions.

In support thereof the defendant states as follows:

### I.      INTRODUCTION

The Defendant is charged individually in a 14 count indictment with labor trafficking

in violation of Title 18 U.S.C. §1589 (counts 1-10), and possession of a fraudulent permanent

resident card and social security card, in violation of Title 18 U.S.C. §1546(a) (Counts 11-14).

The charges carry a maximum sentence of 20 years imprisonment, and a maximum fine of

$250,000.00.

In very brief summary, the government claims the defendant, a United States Citizen,

agreed and contracted with various individuals (the victims) to provide assistance to these

non-citizen individuals which would allow them to be legally present in the United States.

-1-

The defendant is alleged to have allowed those individuals to reside at her Cicero, Illinois residence, and receive clothing and other amenities, in exchange for paying a fee to the defendant. To force payment of the fee, the defendant is alleged to have required these individuals to be employed and provided them with false identity documents to obtain employment.

The government further alleges that the defendant used multiple verbal threats to harm or abuse of the legal process to control the victims and extract payment for services she provided to them. The claimed threats were related to possible deportation, arrest, and loss of parental rights.

The matter is scheduled for trial on August 31, 2020. The defendant is in custody at the Livingston County Jail.

## II. MARCH 29, 2019 DETENTION HEARING.

The government moved for detention alleging the defendant was a flight risk and a danger to the community. The government relied on the defendant's ties to Guatemala, where defendant owned property, and has family members residing. The claim of dangerousness is founded on the facts of the case, relating to verbal threats directed at the victims in the case. Specifically, threats to report the victims to various law enforcement authorities which would result in arrest or deportation.

## III. *DE NOVO* STANDARD OF REVIEW

The defendant seeks review of her original detention order under 18 U.S.C. §3145. The District Court is permitted to entertain de novo review of the original detention order in this context. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). There have also been recent developments in the defendant's circumstances which would further justify her release on bail.

## IV.    RECENT CIRCUMSTANCES JUSTIFY PRETRIAL RELEASE

The defendant's mother, Manuela Macz Seb de Pan, passed away on May 12, 2020 at Loyola Hospital in Maywood, Illinois after being transferred there from MacNeal Hospital in Berwyn, Illinois where she was hospitalized for approximately one week. She died of organ failure after being diagnosed with COVID-19. The defendant's father, Alberto Pan Caal, is still a patient at MacNeal Hospital. He has also been diagnosed with COVID-19.

Treating physicians have informed the defendant's family that they will soon recommend palliative end-of-life protocols if the defendant's father does not exhibit a drastic improvement of his medical condition in the immediate future. The defendant wishes to be available to provide emotional support for her father and her siblings and she also wishes to attend the small memorial services that will be held for her mother. The service will be attended by a group of approximately 5 people, solely consisting of her siblings and husband.

There is no procedure available to pursue this request through the administrative staff at her correctional facility, because the warden of a facility is not permitted to grant furlough to a pretrial detainee without a court order. 28 CFR §551.109. The Code of Federal Regulations states that, although "the warden may not grant furlough to a pretrial inmate[…] in an emergency, staff shall facilitate contact with the pretrial inmate's attorney of record, who may seek from the court a decision concerning release from custody or an escorted trip." 28 CFR §551.109(a)&(b).

The defendant also asserts that release from custody is also justified in light of the health risks associated with confinement in a correctional institution during the COVID-19 novel coronavirus pandemic. The outbreak of the global COVID-19 pandemic represents a significant change of circumstances that has occurred since the original detention order was

issued in this case. There are serious health risks associated with being involuntarily confined in a correctional facility during an outbreak of a deadly communicable disease. By definition incarcerated detainees are confined together in close proximity to one another and have their freedom of movement drastically limited. This confinement prevents Ms. Malinek from properly observing social-distancing safeguards, and having proper access to personal protective equipment. Ms. Malinek also has a series of potential risk factors. She is over 50 years old. She suffers from diabetes and she is clinically overweight.

## V.    ARGUMENT IN SUPPORT OF RELEASE

Under the Bail Reform Act a Court shall order a defendant detained pending trial if no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person in the community. 18 U.S.C. §3142(e)(1). Under The Bail Reform Act ("Act") courts shall hold detention hearings in two instances: (i) when the case involves any one of the enumerated serious offenses outlined in §3142(f)(1); and (ii) when there is a serious risk that the person will flee. The charged offense here does not trigger application of §3142(f)(1). During the pre-trial phase the burden of proof is with the government to establish by clear and convincing evidence that there are no conditions of release that would reasonably ensure the safety of any other person or the community, and by a preponderance of the evidence as to flight, that there are no conditions that would reasonably assure the appearance of the defendant as required. §3141(f) of the act carefully limits the circumstances under which detention may be sought to the most serious of crimes. United States v. Salerno, 481 U. S. 739, 747 (1987). Stated another way, pretrial detention is "an exceptional step." United States v. Torres, 929 F. 2d 291, 292 (7th Cir. 1991)(citing Salerno, 481 U.S. at 749). Thus, under the Act pretrial release is mandated unless the court finds that regardless of any conditions or any combination of conditions, "such release will not

-4-

reasonably assure the appearance of the defendant as requested or will endanger any person or the community". 18 USC §3142(b) See also §3142(e). The Act creates several evidentiary presumptions to be employed in particular circumstances in determining whether any release conditions are appropriate. The Act specifies that: subject to rebuttal by the defendant, it shall be presumed that no condition or combination of conditions will reasonably ensure the appearance of the person as required and the safety of the community if the judicial officer finds that is there is probable cause to believe that the person committed an offense for which a minimum term of imprisonment of 10 years or more is prescribed in the controlled substance act 21 U.SC. §801 et seq. The defendant recognizes that this is now a presumption case. In making the determination as to whether the defendant is a danger to the community and/or a flight risk, the court must take into account the available information concerning the following major factors, which are specifically set forth in §3142(g) of the Act.

### A. §3142(g)(3) MALINEK'S HISTORY AND CHARACTERISTICS

§3142(g)(3) instructs the court to consider the defendant's character, physical and mental condition, family ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether she was subject to any other criminal justice supervision at the time of the charged offense.

The defendant is 50 years old, married, residing with her husband in Cicero Illinois since 2008. They own the residence. The defendant has no prior criminal history. The defendant's mother and father were living with her in Cicero until her unexpected death on May 12, 2020, due to kidney failure brought on by COVID-19. The defendant's father is currently at MacNeal Hospital in Berwyn, also stricken with COVID-19.

The defendant is currently at the Livingston County Jail, and has been interviewed by a mental health professional due to extreme depression relating to her mother's death, and her

fathers' illness. The defendant is overweight, and takes diabetes medication daily. The defendant does not have a history of alcohol abuse, and has not used any illegal drugs in the past. The defendant does not have a history of mental health issues, but her current confinement and health concerns have brought on bouts of depression.

### B.   §3142(a)(4) DANGER TO COMMUNITY AND RISK OF FLIGHT

The defendant acknowledges that she is charged with a serious offense, but the charges at this stage are merely an accusation, 18 U.S.C. §3142(j). Additionally, the weight of the evidence against the defendant is the "least important of the various factors." United States v. Hammond, 204 F. Supp. 2d 1157, 1165 (E.D. Wis. 2002), citing United States v. Chen, 820 F. Supp. 1205 (N.D. Cal. 1992)(quoting United States v. Motamedi, 767 F. 2d 1403, 1408 (9th Cir. 1985).

A defendant cannot be detained as dangerous under §3142(e) unless a finding is made that no release conditions "will reasonably assure... the safety of the community..." Dominguez, 783 F. 2d at 706-707 (internal quotation omitted). The nature and seriousness of the charge is only one factor to be considered under the Act. 18 U.S.C. §3142(a)(1). On the issue of dangerousness, the government must point to more than the charges to justify detention. The statute requires the Government to prove by clear and convincing evidence that no condition or set of conditions will ensure the safety of the community. United States v. Chimurenga, 760 F. 2d 400 (2nd Cir. 1985); United States v. Portes, 786 F. 2d 758 (7th Cir. 1985). The risk of flight issue is not a basis for detention here for several reasons. The defendant has made her life here in the United States where she is a home owner.

The ultimate standard for the Court in a case like this remains one of "reasonable assurance" that the defendant will appear for trial and will not endanger the community. Reasonable assurance, however, should not be mistaken for absolute assurance. Detention

cannot be ordered merely because there are no conditions that would guarantee the defendant's appearance at trial. <u>Portes</u>, 786 F. 2d at 764 n.7 (7th Cir. 1985) ("The conditions need not guarantee appearance but must reasonably assure appearance.") (citing <u>United States v. Orta</u>, 760 F.2d 887, 891-892 (8th Cir. 1985). The mere opportunity to flee is not enough to justify detention. <u>Chen</u>, 820 F. Supp. at 1208.

The defendant and her husband now propose to pledge their marital home as security for her release. The possible loss of her property, constitute substantial assurance that the defendant will not flee. The additional proposed conditions, home confinement and location monitoring are available to alleviate any further concerns.

**IV.     PROPOSED CONDITIONS OF RELEASE**

Defendant Malinek proposes the following conditions of release:

a.  Secured bond secured by her marital residence in Cicero, Illinois;

b.  Forfeiture agreement executed with respect to the property;

c.  The defendant to be placed in the custody of her husband, Jeffery Malinek, acting as a third party custodian;

d.  The defendant to reside at her residence only;

e.  Defendant to submit to supervision by pretrial services as directed;

f.  Surrender passport to pretrial services;

g.  Not obtain a passport or other intentional travel document;

h.  Travel, only with Court approval, only within the Northern District of Illinois;

i.  Not use or possess an electronic device capable of accessing the internet;

j.  Not possess a firearm, destructive device, or other weapon;

k.  Not use or possess a narcotic drug or other controlled substance defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner;

l.  Not use alcohol at all;

m. Submit to testing for a prohibited substance if required by the pretrial services office or supervising officer, under any method chosen by the pretrial services office. The defendant shall not obstruct attempt to obstruct or tamper with the efficiency and accuracy of prohibited substance screening or testing;

n. Home Incarceration 24 hours a day lock-down at her Cicero residence, except to fulfill Court ordered obligations;

o.  Submit to location monitoring, with the use of an electronic device, and comply with all of the program requirements and the instructions provided.

For the reasons stated herein the defendant respectfully requests this Honorable Court to revoke the detention order entered by Magistrate Judge Cole on March 29, 2019 and thereafter order her release on appropriate conditions, or, alternatively, to order a temporary release from custody or an escorted trip for the purpose of visiting her dying father and attending the memorial service for her mother.

Respectfully Submitted,

S/Robert L. Rascia/May 14, 2020
**ROBERT L. RASCIA, ARDC No. 6184470**
Attorney for the Defendant
The Law Offices of
Robert Louis Rascia, Ltd
650 N. Dearborn/Suite 700
Chicago, IL 60654
312-994-9100 Office
312-994-9105 Fax
rrascia@rasciadefense.com; Email

## CERTIFICATE OF SERVICE

     I, ROBERT RASCIA, deposes and states that, on this 14th day of May, 2020,
I have served notice of the foregoing to Assistant United States Attorney Christopher Parente,
via ELECTRONIC FILING.

<div style="margin-left: 40%;">

s/Robert L. Rascia/May 14, 2020
**ROBERT L. RASCIA, ARDC No. 6184470**
Attorney for the Defendant
The Law Offices of
Robert Louis Rascia, Ltd
650 N. Dearborn/Suite 700
Chicago, IL 60654
312-994-9100 Office
312-994-9105 Fax
rrascia@rasciadefense.com; Email

</div>