**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| USA, <br><br> Plaintiff(s), <br><br> v. <br><br> Concepcion Malinek, <br><br> Defendant(s). | Case No. 19 CR 277 <br> Judge Edmond E. Chang |

**ORDER**

Telephone change of plea hearing held. Defendant is in custody and appeared with the assistance of counsel. Defendant was placed under oath and again affirmed her consent to appear by phone under CARES Act Section 15002(b)(2)(A). Based on a plea declaration, Defendant entered a plea of guilty to Count Ten of the Superseding Indictment. The Court found that Defendant is competent, has had the assistance of counsel, understands the charges and the maximum penalties, knows her trial rights, and is entering the plea voluntarily. There is a factual basis for the plea. The Court accepted Defendant's plea of guilty. Local Criminal Rule 32.1(d) requires that, after a determination of guilt, "the attorney for the defendant and the defendant, unless in custody, shall report immediately to the probation department to begin the presentence investigation." Defendant shall participate in an interview, if any, with the probation department, within 14 days after the determination of guilt. The case is referred to the Probation Office for preparation of the presentence report. As required by Local Rule 32.1(e), the government shall submit its version by 08/11/2020. Defendant must submit her version by 08/18/2020. Any sentencing memoranda discussing 18 U.S.C. 3553(a) factors or objections to the presentence report must be filed (in one combined filing per side) on or before 10/05/2020. Any cross-responses to be filed by 10/13/2020. ***DATE/TIME CHANGE: Sentencing set for 10/26/2020 at 1:00 p.m.*** The parties are alerted that the Court sets aside both substantial in-advance preparation time and substantial in-court time for sentencing hearings. Any motion to continue a sentencing must be made in writing, well in advance of sentencing, and must expressly set forth good cause for a continuance. After balancing the factors discussed in United States v. Peterson, 711 F.3d 770, 779 (7th Cir. 2013), the Court has decided to generally require the Probation Office to provide a copy of its Sentencing Recommendation to Defendant's counsel and to the government's counsel, and that requirement applies here. Within Defendant's Position Paper counsel shall state whether Defendant agrees to proceed

by video or telephone, or instead prefers in-person (it is up to Defendant, the Court is simply offering remote methods to minimize in-person court appearances). The Court alerts Defendant to the current 14-day quarantine requirement, but it is not known whether it will be in effect in 10/2020. Defendant given leave to file an amended plea declaration as discussed during the colloquy. As to the remaining counts, pursuant to 18 U.S.C. 3161(h)(7)(A) and (B), and without objection, time is excluded from 07/28/2020 to 10/26/2020 in the interest of justice given the pending sentencing. Pretrial conference date of 08/11/2020 and jury trial date of 08/31/2020 are vacated. At this time, Defendant ordered to appear and be transported by U.S. Marshals Service.

(T:045)

Date: 7/28/2020

_____
Edmond E. Chang
U.S. District Court Judge