FILED
7/28/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 19 CR 277 |
| | ) | Judge Edmond E. Chang |
| CONCEPCION MALINEK, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA DECLARATION

Defendant, **CONCEPCION MALINEK,** individually and by counsel, **ROBERT L. RASCIA,** pursuant to Rule 11 of the Federal Rules of Criminal Procedure, seeks leave to withdraw her previously entered plea of not guilty and enter a plea of guilty.

The defendant represents to the court as follows:

1. The defendant is petitioning the Court to accept her plea of guilty to Count 10 of the Superseding Indictment in this matter, charging the defendant with violating Title 18, U.S.C. Sections 1589(a)(2), (a)(3) and (a)(4).

2. The defendant's full name is Concepcion Malinek.

3. The defendant is 50 years old.

4. The defendant was born in Guatemala, and is a naturalized United States citizen.

5. The defendant has completed 12 years of formal education.

6. The defendant speaks, reads and writes in Spanish and English.

7. The defendant has received a copy of the Superseding Indictment. The defendant has read the Superseding Indictment, and has discussed the charges with her attorney, Robert L. Rascia. The defendant understands the charges brought against her in the Superseding Indictment.

LAW OFFICES OF
ROBERT LOUIS RASCIA, LTD

650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

rrascia@rasciadefense.com

1

8. By this Plea Declaration the defendant agrees to enter a voluntary plea of guilty to Count Ten of the Superseding Indictment. Count Ten of the Superseding Indictment charges the defendant with labor trafficking, in violation with of Title 18, United States Code, Section 1589, (a)(2), (a)(3) and (a)(4).

9. In support of her guilty plea the defendant admits the following:

Between in or around October 2009, and in or around August 2014, in the Northern District of Illinois, Eastern Division, and elsewhere, Concepcion Malinek, did knowingly provide and obtain the labor and services of a person identified in the Superseding Indictment as Victim 10, by means of: (a) serious harm and threats of serious harm to Victim 10 or another person; (b) abuse and threatened abuse of the law and legal process; and (c) a scheme, plan, and pattern intended to cause Victim 10 to believe that, if Victim 10 did not perform such labor and services, Victim 10 or another person would suffer serious harm, in violation of Title 18, United States Code, Sections 1589(a)(2), (a)(3) and (a)(4).

More specifically, in 2009, Malinek agreed to assist Victim 10, a citizen of Guatemala, to illegally enter the United States, for a fee set by Malinek, to be paid by Victim 10, in the amount of $8,000. After Victim 10 entered the United States she resided at the defendant's residence in Cicero, Illinois. Upon arrival at the defendant's residence the defendant increased the fee due from Victim 10 for the services provided, and added fees for additional services to be provided to Victim 10 by the defendant.

Malinek allowed Victim 10 to reside at her residence, and continued to demand payment of the debt Malinek claimed Victim 10 owed her for the services provided. While Victim 10 resided at Malinek's residence she was employed. The defendant demanded and received from Victim 10 a substantial portion of Victim 10's earnings to apply towards the debt owed by Victim 10 to the defendant. The defendant demanded payment of the debt from

LAW OFFICES OF
ROBERT LOUIS RASCIA, LTD

650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

rrascia@rasciadefense.com

Victim 10, and when Victim 10 did not make a prompt payment of the debt defendant claimed was owed to her, the defendant threatened to contact immigration authorities to seek Victim 10's deportation back to Guatemala.

The defendant acknowledges that she assisted, for a fee, other individuals to enter the United States from 2009 through 2019, identified in the Superseding Indictment as Victims 1 through 9. (Counts One through Nine). The defendant claimed these individuals owed a debt to her for providing services and housing to them, in an amount determined by the defendant. The defendant demanded prompt payment of this debt, and threatened these individuals with deportation to Guatemala as a means to collect payment.

Additionally, the defendant assisted the individuals described as Victim 1, Victim 2, Victim 4, and victim 7 (Counts 11 to 14 of the Superseding Indictment) in obtaining fraudulent identity documents including fraudulent legal permanent resident cards and fraudulent social security cards, so these individuals could obtain employment.

10. The defendant understands that Count 10, to which she is pleading guilty, carries the following penalties:

(a) A maximum sentence of 20 years imprisonment. This offense also carries a maximum fine of $250,000.00. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

(b) Defendant further understands that the Court must order restitution to the victims of the offense in the amount determined by the Court.

(c) Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which she has pled guilty, in addition to any other penalty imposed.

LAW OFFICES OF
ROBERT LOUIS RASCIA, LTD

650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

rrascia@rasciadefense.com

11. The defendant understands that she may have to pay a fine.

12. The defendant understands that she has the right to be represented by an attorney at every stage of this legal proceeding and if she is financially unable to hire an attorney one will be appointed to her.

13. The defendant understands that she has a right to plead not guilty, or to persist in a not guilty plea already made, and that if she chooses to plead not guilty the Constitution guarantees her the following rights which she acknowledges and she is waiving by pleading guilty;

    (a)    the right to a speedy and public trial by a jury; or, if both parties and the Court agree, a trial by the judge sitting without a jury;

    (b)    if the trial is by jury, the right to have some say in who would be selected as jurors by exercising "cause" challenges for jurors who have an actual bias or other disqualifying reason, or by exercising "peremptory challenges" even where no actual bias is shown;

    (c)    the right to confront and cross-examine adverse witnesses;

    (d)    the right to use the power and the process of the court to compel the production of any evidence, including the attendance of any witnesses in my favor, at my trial;

    (e)    the right to the assistance of counsel at every stage of the proceedings, including an appeal if need be;

    (f)    the right to remain silent, including a right not to be compelled to testify at my trial, including the right to have the jury instructed that my silence could not be held against me;

    (g)    the right to testify in my own defense at the trial if I so choose; and

    (h)    a right to appeal my conviction and my sentence to a higher Court even if I am financially unable to pay the cost of an appeal.

14. The defendant understands that while she cannot appeal her conviction if she pleads guilty, she can appeal her sentence.

LAW OFFICES OF
ROBERT LOUIS RASCIA, LTD

650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

rrascia@rasciadefense.com

4

15. The defendant understands that if her plea of guilty is accepted by the Court there will not be a further trial of any kind and by pleading guilty she waives the right to a trial.

16. The defendant has discussed with her attorney the advisory sentencing guidelines, and the defendant understands that the Court must calculate the guidelines, consider them in determining a reasonable sentence, but that the Court is not required to impose a guideline sentence. Rather, it is the defendant's understanding that the Court will impose a sentence consistent with the factors set forth in Title 18 U.S.C. §3553 (a).

17. The defendant is aware that the government is free to recommend to the court whatever sentence it deems appropriate.

18. The defendant acknowledges that restitution may be ordered by the court, and that the amount of restitution will be determined by the court at sentencing.

19. Notwithstanding the advisory nature of the federal sentencing guidelines, the defendant understands that the following calculation may be used to determine the guideline recommended sentence:

(a) Pursuant to Guideline § 2H4.1 (a)(11), the base offense level for Count Ten is 22;

(b) The defendant is aware that the government may assert that a two level increase is applicable, pursuant to Guideline § 2H4.1(b)(1)(B). The defendant reserves the right to challenge that application.

(c) The defendant is aware that the government will likely assert that guideline § 2H4.1(b)(3)(A) applies, claiming the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means. The defendant reserves the right to challenge that application.

LAW OFFICES OF
ROBERT LOUIS RASCIA, LTD

650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

rrascia@rasciadefense.com

(d) The defendant is aware that the government will likely assert that the offense level is increased by two levels pursuant to Guideline § 2H4.1(b)(4)(A), because the defendant committed another felony during the commission of the offense alleged in Count Ten.

(e) The defendant believes that she has satisfied the criteria for the application of Guideline § 3E1.1(a), in that she has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct resulting in a two level reduction in the offense level.

(f) The defendant believes that guideline § 3E1.1(b) is applicable, in that she has timely notified the government of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and allowing the court to allocate its resources efficiently, resulting in a one level reduction in her offense level if the court determines the offense level to be 16 or greater prior to determining that the defendant is entitled to two level reduction for acceptance of responsibility.

(g) The defendant believes she has zero criminal history points and that her criminal history category is I.

(h) The defendant is aware that the government will likely assert that the total offense level is 26, which when combined with a criminal history category of I results in an advisory guideline range of 63 to 78 months imprisonment, in addition to any supervised release, fine and restitution the court may impose, the defendant reserves the right to challenge that calculation.

LAW OFFICES OF
ROBERT LOUIS RASCIA, LTD

650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

rrascia@rasciadefense.com

20. The defendant is aware that the government will assert that restitution is due, pursuant to Title 18, United States Code, Section 3663A, in relation Count 10. The defendant further agrees that Victims 1 through 10 in the superseding indictment will be considered victims of the offense for restitution purposes. The defendant will pay the full amount of restitution, pursuant to the provisions of 18 U.S.C. §§ 1593, 2259(c)(2), 3663A and 3664 for all ten identified victims, in an amount to be determined by the court at sentencing.

21. The defendant understands that the above calculations are preliminary in nature, and based in part on facts known to the defendant and the government as of the time of this petition. The defendant understands that the Probation Department will conduct its own investigation and that the Court will ultimately determine the facts and law relevant to sentencing, and that the Court's determinations govern the final sentencing guideline calculation.

22. Despite the preliminary guideline calculations set forth above, the defendant understands that the Court ultimately determines the proper guidelines, and that she will not have a right to withdraw her plea of guilty solely because the Court disagrees with one or more of the calculations set forth above, or otherwise calculates the guidelines in a manner different that the defendant expects.

23. The defendant understands that errors in calculations or interpretations of any the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application.

LAW OFFICES OF
ROBERT LOUIS RASCIA, LTD

650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

rrascia@rasciadefense.com

24. The defendant declares that she offers her plea of guilty freely and voluntarily and of her own accord. No promises or threats have been made to me the defendant to induce her to enter a plea of guilty.

Dated: 7/15/2020

_____
**CONCEPCION MALINEK**, Defendant

_____
**ROBERT L. RASCIA**, Attorney
For the Defendant

LAW OFFICES OF
ROBERT LOUIS RASCIA, LTD

650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

rrascia@rasciadefense.com