**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | No.    19 CR  277-1 |
| | ) | **Hon. Edmond E. Chang** |
| **CONCEPCION MALINEK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF APPEAL

Notice is hereby given that the Defendant, **CONCEPCION MALINEK**, appeals to the United States Court of Appeals for the Seventh Circuit from, judgment and order of the District Court imposed on April 19, 2021 and entered on April 22, 2021 sentencing the Defendant to a term of imprisonment of 78 months in the United States Bureau of Prisons.

Respectfully Submitted,

s/ROBERT L. RASCIA,
Attorney for the Defendant

May 3, 2021

ARDC no. 6184470
650 N. Dearborn Suite 700
Chicago, Illinois 60654
Office: 312-994-9100
Fax: 312-994-9105
rrascia@rasciadefense.com

LAW OFFICES OF
ROBERT LOUIS RASCIA, LTD
650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

rrascia@rasciadefense.com
liamkelly@rasciadefense.com

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3**
**Eastern Division**

UNITED STATES OF AMERICA
                                        Plaintiff,

v.                                                      Case No.: 1:19−cr−00277
                                                        Honorable Edmond E. Chang

Concepcion Malinek
                                        Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, April 19, 2021:

  MINUTE entry before the Honorable Edmond E. Chang as to Concepcion
Malinek: Continued in−person sentencing hearing held. Defendant is in custody and
appeared in person with the assistance of counsel. Counsel for the government appeared in
person. The Probation Officer appeared by video. The Defendant was sentenced to a term
of 78 months in custody and 2 years of supervised release. The government and the
Defendant agreed on restitution in the total amount of $112,545.00, with individual
amounts as agreed on in a spreadsheet circulated before the sentencing. The government's
motion for Entry of Preliminary Order of Forfeiture [69] is granted without objection.
Judgment in a criminal case to follow. Emailed notice (mw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.

# UNITED STATES DISTRICT COURT
## Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>CONCEPCION MALINEK | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:      1:19-CR-00277(1)<br><br>USM Number:      53954-424<br><br><br>Robert Louis Rascia<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to Count Ten of the Superseding Indictment.

☐ pleaded nolo contendere to count(s)      which was accepted by the court.

☐ was found guilty on count(s)      after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:1589 Forced Labor | 03/26/2019 | 10s |

The defendant is sentenced as provided in pages 1 through 9 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ All remaining Counts are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

April 19, 2021
Date of Imposition of Judgment

*Edmond E. Chang*
Signature of Judge
Edmond E. Chang, United States District Judge

Name and Title of Judge

April 22, 2021
Date

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 2 – Imprisonment

DEFENDANT:  CONCEPCION MALINEK
CASE NUMBER:  1:19-CR-00277(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: Seventy-Eight (78) months as to Count 10 of the Superseding Indictment.

☒        The court makes the following recommendations to the Bureau of Prisons: that the Defendant be committed to the Bureau of

Prisons' facility FCI - Greenville, Illinois.

☒        The defendant is remanded to the custody of the United States Marshal.

☐        The defendant shall surrender to the United States Marshal for this district:

☐        at        on

☐        as notified by the United States Marshal.

☐        The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐        before 2:00 pm on

☐        as notified by the United States Marshal.

☐        as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By    _____
DEPUTY UNITED STATES MARSHAL

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page 3 of 9

DEFENDANT:  CONCEPCION MALINEK
CASE NUMBER:  1:19-CR-00277(1)

## MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:  two (2) years.

       The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**

☒   (1)   you shall not commit another Federal, State, or local crime.

☒   (2)   you shall not unlawfully possess a controlled substance.

☐   (3)   you shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, if an approved program is readily available within a 50-mile radius of your legal residence.  [Use for a first conviction of a domestic violence crime, as defined in **§ 3561(b)**.]

☐   (4)   you shall register and comply with all requirements of the Sex Offender Registration and Notification Act **(42 U.S.C. § 16913)**.

☒   (5)   you shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

☐   (6)   you shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release.  [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

## DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D);** and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**

☐   (1)   you shall provide financial support to any dependents if you are financially able to do so.

☐   (2)   you shall make restitution to a victim of the offense under **§ 3556** (but not subject to the limitation of **§ 3663(a)** or **§ 3663A(c)(1)(A)**).

☐   (3)   you shall give to the victims of the offense notice pursuant to the provisions of **§ 3555**, as follows:     

☒   (4)   you shall seek, and work conscientiously at, lawful employment if able to do so; if you are not gainfully employed, you shall pursue conscientiously a course of study or vocational training that will equip you for employment (again, if able to do so).

☐   (5)   you shall refrain from engaging in the following occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in the following specified occupation, business, or profession only to a stated degree or under stated circumstances; (if checked yes, please indicate restriction(s))     .

☒   (6)   you shall not knowingly meet or communicate with any person whom you know to be engaged, or planning to be engaged, in felony criminal activity and shall not:
        ☐  visit the following type of places:     
        ☐  knowingly meet or communicate with the following persons:     .

☒   (7)   you shall refrain from ☒ excessive use of alcohol (defined as ☒ having a blood alcohol concentration greater than 0.08), and from any use of a narcotic drug or other controlled substance, as defined in **§ 102** of the Controlled Substances Act (**21 U.S.C. § 802**), without a prescription by a licensed medical practitioner.

☒   (8)   you shall not possess a firearm, destructive device, or other dangerous weapon.

☒   (9)   ☐   you shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.
        ☒   you shall participate, at the direction of a probation officer, in a mental health treatment program, and shall take any medications prescribed by the mental health treatment provider.
        ☐   you shall participate, at the direction of a probation officer, in medical care; (if checked yes, please specify:     .)

☐   (10)   (intermittent confinement): you shall remain in the custody of the Bureau of Prisons during nights, weekends, or other

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release
<span style="float:right">Judgment – Page 4 of 9</span>

DEFENDANT: CONCEPCION MALINEK
CASE NUMBER: 1:19-CR-00277(1)

    intervals of time, totaling [____] [no more than the lesser of one year or the term of imprisonment authorized for the offense], during the first year of the term of supervised release (provided, however, that a condition set forth in **§3563(b)(10)** shall be imposed only for a violation of a condition of supervised release in accordance with **§ 3583(e)(2)** and only when facilities are available) for the following period [____].

☐ (11) (community confinement): you shall reside at, or participate in the program of a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of supervised release, for a period of [____] months.

☐ (12) you shall work in community service for [____] hours as directed by a probation officer.

☐ (13) you shall reside in the following place or area: [____], or refrain from residing in a specified place or area: [____].

☒ (14) you shall not knowingly leave from the federal judicial district where you are being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

☒ (15) you shall report to the probation office in the federal judicial district to which you are released within 72 hours of your release from imprisonment. You shall thereafter report to a probation officer at reasonable times as directed by the court or a probation officer.

☒ (16) ☒ you shall permit a probation officer to visit you ☒ at any reasonable time or ☐ as specified:   ,
        ☒ at home    ☐ at work    ☐ at school    ☐ at a community service location
        ☒ other reasonable location specified by a probation officer. If Defendant objects to a specific location, then Defendant may file, within seven days of being notified of the location, a written objection with the Court.
        ☒ you shall permit confiscation of any contraband observed in plain view of the probation officer.

☒ (17) you shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. You shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

☒ (18) you shall notify a probation officer within 72 hours if after being arrested, charged with a crime, or questioned by a law enforcement officer.

☐ (19) (home confinement)
    ☐ (a)(i) (home incarceration) for a period of __ months, you are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the court.
    ☐ (a)(ii) (home detention) for a period of __ months, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation officer.
    ☐ (a)(iii) (curfew) for a period of __ months, you are restricted to your residence every day.
    ☐ from the times directed by the probation officer; or ☐ from __ to __.
    ☐ (b) your compliance with this condition, as well as other court-imposed conditions of supervision, shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and you shall abide by all technology requirements.
    ☐ (c) you shall pay all or part of the cost of the location monitoring, at the daily contractual rate, if you are financially able to do so.

☐ (20) you shall comply with the terms of any court order or order of an administrative process pursuant to the law of a State, the District of Columbia, or any other possession or territory of the United States, requiring payments by you for the support and maintenance of a child or of a child and the parent with whom the child is living.

☐ (21) (deportation): you shall be surrendered to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, you shall not remain in or enter the United States without obtaining, in advance, the express written consent of the United States Attorney General or the United States Secretary of the Department of Homeland Security.

☒ (22) you shall satisfy such other special conditions as ordered below.

☐ (23) You shall submit your person, property, house, residence, vehicle, papers [computers (as defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

☐ (24) Other:

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page 5 of 9

DEFENDANT:  CONCEPCION MALINEK
CASE NUMBER:  1:19-CR-00277(1)

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified by checkmarks below:

**During the term of supervised release:**

☐   (1)     if you have not obtained a high school diploma or equivalent, you shall participate in a General Educational Development (GED) preparation course and seek to obtain a GED within the first year of supervision.

☐   (2)     you shall participate in an approved job skill-training program at the direction of a probation officer within the first 60 days of placement on supervision.

☐   (3)     you shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least _____ hours of community service per week at the direction of the probation office until gainfully employed. The total amount of community service required over your term of service shall not exceed _____ hours.

☐   (4)     you shall not maintain employment where you have access to other individual's personal information, including, but not limited to, Social Security numbers and credit card numbers (or money) unless approved by a probation officer.

☒   (5)     you shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment.

☒   (6)     you shall provide a probation officer with access to any requested financial information requested by the probation officer to monitor compliance with conditions of supervised release.

☒   (7)     within 72 hours of any significant change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments, you must notify the probation officer of the change.

☒   (8)     you shall file accurate income tax returns and pay all taxes, interest, and penalties as required by law.

☐   (9)     you shall participate in a sex offender treatment program. The specific program and provider will be determined by a probation officer. You shall comply with all recommended treatment which may include psychological and physiological testing. You shall maintain use of all prescribed medications.

        ☐    You shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the United States Probation Office. You shall consent to the installation of computer monitoring software on all identified computers to which you have access and to which the probation officer has legitimate access by right or consent.  The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations.  A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. You shall not remove, tamper with, reverse engineer, or in any way circumvent the software.

        ☐    The cost of the monitoring shall be paid by you at the monthly contractual rate, if you are financially able, subject to satisfaction of other financial obligations imposed by this judgment.

        ☐    You shall not possess or use at any location (including your place of employment), any computer, external storage device, or any device with access to the Internet or any online computer service without the prior approval of a probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or email system

        ☐    You shall not possess any device that could be used for covert photography without the prior approval of a probation officer.

        ☐    You shall not view or possess child pornography. If the treatment provider determines that exposure to other sexually stimulating material may be detrimental to the treatment process, or that additional conditions are likely to assist the treatment process, such proposed conditions shall be promptly presented to the court, for a determination, pursuant to **18 U.S.C. § 3583(e)(2),** regarding whether to enlarge or otherwise modify the conditions of supervision to include conditions consistent with the recommendations of the treatment provider.

        ☐    You shall not, without the approval of a probation officer and treatment provider, engage in activities that will put you in unsupervised private contact with any person under the age of 18, and you shall not knowingly visit locations where persons under the age of 18 regularly congregate, including parks, schools, school bus stops, playgrounds, and childcare facilities. This condition does not apply to contact in the course of normal commercial business or unintentional incidental contact

        ☐    This condition does not apply to your family members:       [Names]

        ☐    Your employment shall be restricted to the judicial district and division where you reside or are supervised, unless approval is granted by a probation officer.  Prior to accepting any form of employment, you shall seek the approval of a probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community you will pose if employed in a particular capacity.  You shall not participate in any volunteer activity that may cause you to come into direct contact with children except under circumstances approved in advance by a probation officer and treatment provider.

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release

DEFENDANT:  CONCEPCION MALINEK
CASE NUMBER:  1:19-CR-00277(1)

|   | ☐ | You shall provide the probation officer with copies of your telephone bills, all credit card statements/receipts, and any other financial information requested. |
|---|---|---|
|   | ☐ | You shall comply with all state and local laws pertaining to convicted sex offenders, including such laws that impose restrictions beyond those set forth in this order. |
| ☒ | (10) | you shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings. |
| ☒ | (11) | you shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior permission of the court. |
| ☐ | (12) | you shall pay to the Clerk of the Court $_____ as repayment to the United States of government funds you received during the investigation of this offense. (The Clerk of the Court shall remit the funds to _____ (list both Agency and Address.) |
| ☐ | (13) | if the probation officer determines that you pose a risk to another person (including an organization or members of the community), the probation officer may require you to tell the person about the risk, and you must comply with that instruction. Such notification could include advising the person about your record of arrests and convictions and substance use. The probation officer may contact the person and confirm that you have told the person about the risk. |
| ☐ | (14) | You shall observe one Reentry Court session, as instructed by your probation officer. |
| ☐ | (15) | Other: _____ |

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Judgment – Page 7 of 9

DEFENDANT: CONCEPCION MALINEK
CASE NUMBER: 1:19-CR-00277(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $112,545.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

Restitution of $112,545.00 to:

AS

$4,420.00

CSC

$9,471.00

EMR

$10,722.00

EP

$13,160.00

FC

$29,420.00

FS

$9,317.00

HCM

$5,390.00

JPQ

$4,654.00

OCC

$4,956.00

VCM

$21,035.00

DEFENDANT:  CONCEPCION MALINEK
CASE NUMBER:  1:19-CR-00277(1)

☐     Restitution amount ordered pursuant to plea agreement $

☐     The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**.  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐     The court determined that the defendant does not have the ability to pay interest and it is ordered that:

         ☐     the interest requirement is waived for the      .

         ☐     the interest requirement for the      is modified as follows:

☐     The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

Judgment – Page 9 of 9

DEFENDANT:  CONCEPCION MALINEK
CASE NUMBER:  1:19-CR-00277(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $112,645.00 due immediately from non-exempt assets.

    ☐ balance due not later than     , or

    ☒ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal *(e.g. weekly, monthly, quarterly)* installments of $ over a period of *(e.g., months or years)*, to commence *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal *(e.g. weekly, monthly, quarterly)* installments of $ over a period of *(e.g., months or years)*, to commence *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties: you shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if Appropriate |
|---|---|---|---|

**See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: as stated in the preliminary order of forfeiture dated 04/19/2021, which shall become a part of this judgment, funds in the amount of $3,549.00 in United States currency and the property located at 3110 South 53rd Court, Cicero, IL 60804, Permanent Real Estate Index Number: 16-33-104-051-0000.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 277 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CONCEPCION MALINEK | ) | |

## PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Sections 1594(d)(1) and (d)(2), and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a)     On October 2, 2019, a superseding indictment was returned charging CONCEPCION MALINEK, in Counts One through Ten with knowingly providing and obtaining the labor and services of a person, by means of: (i) serious harm and threats of serious harm to that person or another person; (ii) abuse and threatened abuse of the law and legal process; and (iii) a scheme, plan, and pattern intended to cause the person to believe that, if that person did not perform such labor and services, that person or another person would suffer serious harm, in violation of 18 U.S.C. §§ 1589(a)(2), (a)(3) and (a)(4).   The superseding indictment sought forfeiture to the United States of certain property pursuant to the provisions of 18 U.S.C. §§ 1594(d)(1) and (d)(2). On July 15, 2020, a bill of particulars was filed seeking forfeiture of certain property pursuant to the provisions of 18 U.S.C. §§ 1594(d)(1) and (d)(2).

(b)     The superseding indictment and bill of particulars sought forfeiture to the United States of specific property, namely:

1.     funds in the amount of $3,549 in United States currency; and

2. the property located at 3110 South 53rd Court, Cicero, Illinois, 60804 ("the Cicero property"), and legally described as:

THE SOUTH 2/3 OF LOT 5 AND THE NORTH 2/3 OF LOT 6 IN BLOCK 4 IN OSBORNE'S ADDITION TO HAWTHORNE, BEING A SUBDIVISION OF LOTS 1 AND 2 IN BLADWIN'S SUBDIVISION OF THE NORTHWEST ¼ OF SECTION 33, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Permanent Real Estate Index Number: 16-33-104-051-0000,

pursuant to the provisions of 18 U.S.C. §§ 1594(d)(1) and (d)(2).

(c) On July 31, 2020, pursuant to Fed. R. Crim. P. 11, defendant CONCEPCION MALINEK entered a voluntary plea of guilty to Count Ten of the superseding indictment, thereby making the property named in the superseding indictment and bill of particulars subject to forfeiture pursuant to 18 U.S.C. §§ 1594(d)(1) and (d)(2), which states in part:

(d) The court, in imposing sentence on any person convicted of a violation of this chapter, shall order, in addition to any other sentence imposed and irrespective of any provision of State law, that such person shall forfeit to the United States –

(1) such person's interest in any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property; and

(2) any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation, or any property traceable to such property.

(d) Because of the defendant's conviction of the above violation, the foregoing property is subject to forfeiture pursuant to the provisions of 18 U.S.C. §§ 1594(d)(1) and (d)(2).

(e) Accordingly, this Court orders that a preliminary order of forfeiture be entered against defendant CONCEPCION MALINEK as to the foregoing property. Pursuant to 18

2

U.S.C. §§ 1594(d)(1) and (d)(2), and Fed. R. Crim. P. 32.2, all right, title, and interest of the defendant in:

(1)    funds in the amount of $3,549 in United States currency; and

(2)    the property located at 3110 South 53rd Court, Cicero, Illinois, 60804 ("the Cicero property"), and legally described as:

THE SOUTH 2/3 OF LOT 5 AND THE NORTH 2/3 OF LOT 6 IN BLOCK 4 IN OSBORNE'S ADDITION TO HAWTHORNE, BEING A SUBDIVISION OF LOTS 1 AND 2 IN BLADWIN'S SUBDIVISION OF THE NORTHWEST ¼ OF SECTION 33, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Permanent Real Estate Index Number: 16-33-104-051-0000,

shall be forfeited to the United States for disposition according to law.

(f)    Pursuant to 18 U.S.C. §§ 1594(d)(1) and (d)(2), and Fed. R. Crim. P. 32.2, the United States requests that the terms and conditions of this preliminary order of forfeiture be made part of the sentence imposed against the defendant and recited in any judgment and commitment order entered in the case.    In accordance with Rule 32.2(b)(4)(A), at sentencing – or at any time before sentencing if the defendant consents – the preliminary order of forfeiture will become final as to the defendant.    Pursuant to Rule 32.2(c), if a third party files a petition asserting an interest in the property to be forfeited, this Court must hold a hearing to determine his rights.    Pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), third parties have 30 days from the publication of notice or receipt of notice, whichever is earlier, to file a petition.    The preliminary order of forfeiture will remain preliminary as to third parties until such an ancillary proceeding, if required, can be conducted under Rule 32.2(c).    After disposition of all third party interests, this Court shall, upon the government's motion if appropriate, enter a final order of

forfeiture for the property that is the subject of this preliminary order of forfeiture, thereby vesting clear title in the United States of America.

       (g)     Pursuant to 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, the foregoing property of this order shall upon entry of this preliminary order of forfeiture be seized by the United States Marshals Service.

       (h)     This Court shall retain jurisdiction to take such additional action and enter such further orders as may be necessary to implement and enforce this preliminary forfeiture order.

EDMOND E. CHANG
United States District Judge

DATED: April 19, 2021

4

APPEAL,COLE,INTERP,TERMED

**United States District Court**
**Northern District of Illinois - CM/ECF LIVE, Ver 6.3.3 (Chicago)**
**CRIMINAL DOCKET FOR CASE #: 1:19-cr-00277-1**
**Internal Use Only**

Case title: USA v. Malinek

Date Filed: 10/02/2019
Date Terminated: 04/22/2021

---

Assigned to: Honorable Edmond E. Chang
Referred to: Honorable Jeffrey Cole

**Defendant (1)**

**Concepcion Malinek**
*TERMINATED: 04/22/2021*

represented by **Raymond D. Pijon**
Attorney at Law
134 North LaSalle Street
Suite 1760
Chicago, IL 60602
(312) 236-8708
Email: rdpijon@sbcglobal.net
*TERMINATED: 05/13/2019*
*LEAD ATTORNEY*
*Designation: CJA Appointment*

**Robert Louis Rascia**
650 N. Dearborn
Suite 700
Chicago, IL 60654
312 994 9100
Email: rrascia@rasciadefense.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Liam Kelly**
Attorney at Law
Law Offices of Robert L. Rascia, Ltd
650 N. Dearborn Suite 700
Chicago, IL 60654
3129949100
Email: liamkelly@rasciadefense.com
*ATTORNEY TO BE NOTICED*

**Pending Counts**

FORCED LABOR
(10s)

**Disposition**

THE DEFENDANT: pleaded guilty to Count Ten of the
Superseding Indictment. All remaining Counts are
dismissed on the motion of the United States. The
defendant is hereby committed to the custody of the Federal
Bureau of Prisons to be imprisoned for a total term of:
Seventy-Eight (78) months as to Count 10 of the
Superseding Indictment. The defendant is remanded to the
custody of the United States Marshal. Upon release from
imprisonment, you shall be on supervised release for a term
of: two (2) years. Criminal Monetary Penalties. Schedule of
Payments. Preliminary order of forfeiture.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

FORCED LABOR
(1-7)

**Disposition**

All remaining Counts are dismissed on the motion of the
United States.

| | |
|---|---|
| FORCED LABOR<br>(1s-9s) | All remaining Counts are dismissed on the motion of the United States. |
| FRAUD AND MISUSE OF VISAS/PERMITS<br>(8-11) | All remaining Counts are dismissed on the motion of the United States. |
| FRAUD AND MISUSE OF VISAS/PERMITS<br>(11s) | All remaining Counts are dismissed on the motion of the United States. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| 18:1589.F--Forced Labor | |

---

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Christopher Vincent Parente**<br>U.S. Attorney's Office<br>Northern District of Illinois<br>219 S. Dearborn St.<br>Chicago, IL 60604<br>312 886 2447<br>Email: christopher.v.parente@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney* |
| | | **AUSA - Chicago**<br>United States Attorney's Office (NDIL - Chicago)<br>219 South Dearborn Street<br>Chicago, IL 60604<br>Email: USAILN.ECFAUSA@usdoj.gov<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney* |
| | | **Pretrial Services**<br>.<br>(312) 435-5793<br>Email: ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Pretrial Services* |
| | | **Probation Department**<br>.<br>408-5197<br>Email: Intake_Docket_ILNP@ilnp.uscourts.gov<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Probation Department* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/26/2019 | 1 | COMPLAINT signed by Honorable Jeffrey Cole as to Concepcion Malinek (1). (yap, ) (Entered: 03/26/2019) |
| 03/26/2019 | | ARREST of defendant Concepcion Malinek (yap, ) (Entered: 03/27/2019) |
| 03/26/2019 | 3 | ORDER as to Concepcion Malinek : Initial appearance proceedings held. Enter Order appointing Raymond Pijon as counsel for defendant. Defendant appears in response to arrest on March 26, 2019. Government seeks detention. Detention hearing is set for March 28, 2019 at 9:00 am. Defendant is remanded to the custody of the U.S. Marshal. Defendant to advise the court on if he wishes to have a preliminary examination hearing. Signed by the Honorable Jeffrey Cole on 3/26/2019. Mailed notice (yap, ) (Entered: 03/27/2019) |
| 03/27/2019 | 2 | MINUTE entry before the Honorable Jeffrey Cole:as to Concepcion Malinek, Defendant ordered to appear and be transported by U.S. Marshals Service: Detention Hearing is set for 3/28/2019 at 09:00 AM before Judge Cole in the duty courtroom. Mailed notice (jms, ) (Entered: 03/27/2019) |
| 03/27/2019 | 4 | PRETRIAL Bail Report as to Concepcion Malinek (SEALED) (McJoynt, Theodore) (Entered: 03/27/2019) |
| 03/28/2019 | | ORAL MOTION by USA to file the exhibits presented at the detention hearing as to Concepcion Malinek (yap, ) (Entered: 03/28/2019) |

| 03/28/2019 | 5 | ORDER as to Concepcion Malinek: Detention hearing held. Raymond Pijon is appointed as counsel for defendant pending the filing of an appropriately updated financial affidavit by April 8, 2019. Defendant waives consular notification. The government's oral motion to file the exhibits presented at the detention hearing under seal is granted with out objection. As explained in detail at the hearing, the government has shown by clear and convincing evidence that there is no condition or set of conditions that will reasonably assure the safety of the community and it has shown by a preponderance of evidence that there is no condition or set of conditions that will reasonably assure the defendant's appearance at trial. The defendant has not rebutted the presumption that exists in this case. But even if she had - and it only takes slight evidence to do so -- the presumption does not vanish. See United States v. Hinton, 113 F. App'x 76,78 (6th Cir. 2004). Defendant will remain in custody. By April 8, 2019 Counsel for the defendant shall advise the court if the defendant wishes to have a preliminary examination hearing. Signed by the Honorable Jeffrey Cole on 3/28/2019. Mailed notice (yap, ) (Entered: 03/28/2019) |
| 04/08/2019 | 6 | FINANCIAL Affidavit filed by Concepcion Malinek (SEALED). (yap, ) (Entered: 04/11/2019) |
| 04/08/2019 | 8 | ATTORNEY Appearance for defendant Concepcion Malinek by Raymond D. Pijon. (yap, ) (Entered: 04/17/2019) |
| 04/16/2019 | 7 | MINUTE entry before the Honorable Jeffrey Cole:as to Concepcion Malinek : In light of the information provided by the defendant in her financial affidavit filed 4/8/19, the evidence presented by the government both in the complaint and at the hearing, and the information contained in the Pretrial Services report, the defendant's motion for the appointment of counsel from the Federal Defender program is denied with the following exception: the services performed by Mr. Raymond Pijon through and including 4/16/19 are to be covered under the Criminal Justice Act. The court wishes to thank Mr. Pijon for the valuable and excellent services he provided. While it is true that "[m]embership in the bar is a privilege burdened with conditions,...[and that lawyers are] received into that ancient fellowship for something more than 'private' gain,'" People ex rel. Karlin v. Culkin 248 N.Y. 465, 470-471, 162 N.E. 487, 489(1928)(Cardozo, C.J.), the efforts of Mr. Pijon exceeded what was required and expected of him under the limited appointment. Mailed notice (jms, ) (Entered: 04/16/2019) |
| 04/16/2019 | 9 | CJA ORDER Appointing Counsel Raymond D. Pijon Under the Criminal Justice Act as to Concepcion Malinek. Signed by the Honorable Jeffrey Cole on 4/16/2019. (yap, ) (Entered: 04/17/2019) |
| 04/16/2019 | 10 | CJA ORDER Appointing Interpreter Under the Criminal Justice Act as to Concepcion Malinek. Signed by the Honorable Jeffrey Cole on 4/16/2019. (yap, ) (Entered: 04/17/2019) |
| 04/22/2019 | 11 | MOTION by USA for extension of time to return an indictment as to Concepcion Malinek (yap, ) (Entered: 04/22/2019) |
| 04/22/2019 | 12 | ORDER as to Concepcion Malinek (1): Government's motion for an extension of time to return indictment 11 is granted. The government is allowed to file a sealed attachment to their motion. The time within which to return an indictment or file an information against defendant Concepcion Malinek is extended to and including May 27, 2019, pursuant to Title 18, United States Code, Section 3161(h)(7)(B). Enter Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/22/2019. Mailed notice (yap, ) (Entered: 04/22/2019) |
| 04/22/2019 | 13 | ORDER as to Concepcion Malinek (1): Upon the Government's Motion for an Extension of Time to Return an Indictment or File an Information, under Title 18, United States Code, Section 3161(h)(7)(B), in the above-captioned cause; IT IS HEREBY ORDERED that the time within which to return an indictment or file an information against defendant Concepcion Malinek be extended to and including May 27, 2019. Specifically, this Court finds that the ends of justice served by the extension outweigh the best interests of the public and the defendant in a speedy trial for the reasons set forth in the Motion and the Sealed Attachment accompanying the motion. Signed by the Honorable Rebecca R. Pallmeyer on 4/22/2019. Mailed notice (yap, ) (Entered: 04/22/2019) |
| 04/22/2019 | 14 | SEALED Document. (mma, ) (Entered: 04/23/2019) |
| 05/10/2019 | 15 | MOTION by Concepcion Malinek to substitute attorney (Rascia, Robert) (Entered: 05/10/2019) |
| 05/10/2019 | 16 | NOTICE of Motion by Robert Louis Rascia for presentment of motion to substitute attorney 15 before Honorable Jeffrey Cole on 5/14/2019 at 11:00 AM. (Rascia, Robert) (Entered: 05/10/2019) |
| 05/10/2019 | 17 | MOTION by Concepcion Malinek to substitute attorney *(Signed Copy)* (Rascia, Robert) (Entered: 05/10/2019) |
| 05/13/2019 | 18 | MINUTE entry before the Honorable Jeffrey Cole: as to Concepcion Malinek: Defendant's motions to substitute counsel [15, 17] are granted. Mr. Pijon is granted leave to withdraw his appearance and Mr. Rascia is granted leave to file his appearance as counsel for defendant. Mailed notice (jms, ) (Entered: 05/13/2019) |
| 05/13/2019 | 19 | ATTORNEY Appearance for defendant Concepcion Malinek by Robert Louis Rascia (Rascia, Robert) (Entered: 05/13/2019) |
| 05/22/2019 | 🔒 | (Court only) Judge update in case as to Concepcion Malinek. Judge Honorable Jeffrey Cole no longer assigned to case. (lma, ) (Entered: 05/22/2019) |
| 05/22/2019 | 20 | INDICTMENT as to Concepcion Malinek (1) count(s) 1-7, 8-11. (ph, ) (Entered: 05/23/2019) |
| 05/22/2019 | 🔒 21 | (Court only) UNREDACTED (SEALED) INDICTMENT as to defendant Concepcion Malinek. (ph, ) (Entered: 05/23/2019) |
| 05/22/2019 | 22 | DESIGNATION Sheet: FELONY (Category 3). (ph, ) (Entered: 05/23/2019) |
| 05/22/2019 | 23 | MINUTE entry before the Honorable Jeffrey Cole: No bond set. Detained by Magistrae Judge. Mailed notice (ph, ) (Entered: 05/23/2019) |

| 05/23/2019 | 24 | EXECUTIVE COMMITTEE ORDER: Case as to Concepcion Malinek referred to Magistrate Judge Honorable Jeffrey Cole pursuant to Local Rule 72.1. Signed by Executive Committee on 5/23/2019. (ph, ) (Entered: 05/23/2019) |
| --- | --- | --- |
| 05/24/2019 | 25 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Arraignment set for 06/07/2019 at 2:30 p.m. Defendant ordered to appear and be transported by U.S. Marshals Service. Emailed notice (slb, ) (Entered: 05/24/2019) |
| 06/06/2019 | 26 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Due to the unavailability of the court, the arraignment of 06/07/2019 is reset to 06/13/2019 at 10:00 a.m. Defendant ordered to appear and be transported by U.S. Marshals Service. Emailed notice (slb, ) (Entered: 06/06/2019) |
| 06/10/2019 | 27 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: At the request of the government without objection by the defense, the arraignment at 10 a.m. is reset to 11 a.m. on the same date, 06/13/2019. Defendant ordered to appear and be transported by U.S. Marshals Service. Emailed notice (slb, ) (Entered: 06/10/2019) |
| 06/13/2019 | 28 | ORDER as to Concepcion Malinek, Initial appearance and arraignment proceedings held. Defendant is in custody and appeared in court with the assistance of counsel and a Spanish-speaking interpreter. For the initial appearance, Defendant was informed of her rights, the nature of the charges, and the maximum potential penalties. For the arraignment, Defendant acknowledged receipt of a copy of the indictment, waived formal reading, and entered a plea of not guilty to the indictment. The government turned over to the defense today, was is comprised of five discs containing agent reports, bank records, other financial records, and employment records for each of the alleged victims. Defendant's pretrial motions due 09/03/2019. Status hearing set for 09/12/2019 at 10:00 a.m., to resolve as many of the motions as possible without further briefing, and to set a briefing schedule on those that require briefing. Pursuant to 18 U.S.C. 3161(h)(7)(A) and (B), and without objection, time is excluded from 06/13/2019 through 09/12/2019 under the Speedy Trial Act to allow counsel the time to review discovery, to decide whether to file pretrial motions, and to prepare the motions if any are filed. Signed by the Honorable Edmond E. Chang on 6/13/2019. Mailed notice (nsf, ) (Entered: 06/18/2019) |
| 07/26/2019 | 29 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: For the status hearing set for 09/12/2019 at 10 a.m., Defendant ordered to appear and be transported by U.S. Marshals Service. Emailed notice (slb, ) (Entered: 07/26/2019) |
| 08/27/2019 | 30 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: At the government's request without defense objection, the status hearing of 09/12/2019 is reset to 09/16/2019 at 9:30 a.m. Pursuant to 18 U.S.C. 3161(h)(7)(A) and (B) time is excluded from 08/27/2019 through 09/16/2019 under the Speedy Trial Act, specifically for continuity of counsel. Defendant ordered to appear and be transported by U.S. Marshals Service. Emailed notice (slb, ) (Entered: 08/27/2019) |
| 09/16/2019 | 31 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Status hearing held. Defendant is in custody and appeared in court with the assistance of counsel and a Spanish-speaking interpreter. Defense counsel has made substantial progress in reviewing discovery and interviewing others, but there was some delay because of the language barrier. Also, the government anticipates seeking a superseding indictment in the next 21 days. No additional discovery will be produced other than a few grand jury statements from the three new alleged victims. Status hearing set for 10/25/2019 at 9:45 a.m. Pursuant to 18 U.S.C. 3161(h)(7)(A) and (B), and without objection, time is excluded from 09/16/2019 to 10/25/2019 under the Speedy Trial Act to allow defense counsel to finish the investigation and to allow Defendant to decide on the case's direction. Defendant ordered to appear and be transported by U.S. Marshals Service. Emailed notice (slb, ) (Entered: 09/16/2019) |
| 10/02/2019 | 32 | SUPERSEDING INDICTMENT as to Concepcion Malinek (1) count(s) 1s-10s, 11s. (jh, ) (Entered: 10/03/2019) |
| 10/02/2019 | 🔒 33 | (Court only) UNREDACTED (SEALED) SUPERSEDING INDICTMENT as to defendant Concepcion Malinek. (jh, ) (Entered: 10/03/2019) |
| 10/02/2019 | 34 | DESIGNATION Sheet: FELONY (Category 3). (jh, ) (Entered: 10/03/2019) |
| 10/02/2019 | 35 | MINUTE entry before the Honorable Jeffrey Cummings: Detention Order Previously Issued in (19 CR 277) to stand. Mailed notice (jh, ) (Entered: 10/03/2019) |
| 10/24/2019 | 36 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Due to illness, the Court resets the status hearing of 10/25/2019 to 11/04/2019 at 9 a.m. Pursuant to 18 U.S.C. 3161(h)(7)(A) and (B), and without objection, time is excluded under the Speedy Trial Act to serve the ends of justice from 10/25/2019 to 11/04/2019. Defendant ordered to appear and be transported by U.S. Marshals Service. Emailed notice (slb, ) (Entered: 10/24/2019) |
| 11/04/2019 | 37 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Defendant is in custody and appeared in court with assistance of counsel and a Spanish-speaking interpreter. Arraignment held on the superseding indictment. Defendant acknowledged receipt of the superseding indictment, waived formal reading, and entered a plea of not guilty to the superseding indictment. Defense counsel reported that the government produced the additional discovery and that he is reviewing Spanish-language records with Defendant and her family. Defendant's pretrial motions due 12/13/2019. Status hearing set for 12/17/2019 at 10 a.m., to resolve as many of the motions as possible without further briefing, and to set a briefing schedule on those that require briefing. Pursuant to 18 U.S.C. 3161(h)(7)(A) and (B), and without objection, time is excluded from 11/04/2019 through 12/17/2019 under the Speedy Trial Act to allow counsel the time to review discovery, to decide whether to file pretrial motions, and to prepare the motions if any are filed. The Court recommends that the Marshals Service examine whether leg irons are genuinely needed on the MCC bus, or at least different leg irons, in light of the substantial swelling in Defendant's right ankle. Defendant ordered to appear and be transported by U.S. Marshals Service. Emailed notice (slb, ) (Entered: 11/04/2019) |

| | | |
|---|---|---|
| 12/17/2019 | 38 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Status hearing held. Defendant is in custody and appeared in court with assistance of counsel and a Spanish-speaking interpreter. Counsel for Defendant reported that, after conferral, the government will provide the A-Files of the potential witnesses. The government also will provide a draft plea by 12/20/2019. Defendant shall respond to the draft plea by 01/20/2020. Counsel shall block-out the weeks of 06/22/2020 and 06/29/2020 for trial. Status hearing set for 01/23/2020 at 10:30 a.m. Pursuant to 18 U.S.C. 3161(h)(7)(A) and (B), and without objection, time is excluded from 12/17/2019 through 01/23/2020 under the Speedy Trial Act to allow for plea negotiations. Defendant ordered to appear and be transported by U.S. Marshals Service. Mailed notice (mw, ) (Entered: 12/17/2019) |
| 01/23/2020 | 39 | MINUTE entry before the Honorable Edmond E. Chang: Status hearing held. Defendant is in custody and appeared in court with assistance of counsel and a Spanish-speaking interpreter. Counsel for Defendant reported that plea negotiations have not generated an agreement, although counsel will be discussing with Defendant a possible plea declaration, and will inform the Court immediately if that becomes a probability. ***By 05/04/2020, the parties shall file the Joint Pretrial Statement, witness lists, exhibits lists, motions in limine, and the jury instructions and verdict form (visit Judge Chang's website for the details). The parties shall start promptly on the preparation; these requirements are very detailed and take advance conferral with one another. Responses to the motions in limine due 05/11/2020. Replies due 05/18/2020. Pretrial conference set for 06/03/2020 at 1:00 p.m. Pursuant to 18 U.S.C. 3161(h)(7)(A) and (B), time is excluded from 01/23/2020 through 06/22/2020 for trial. Status hearing set for 04/27/2020 at 12:15 p.m. Defendant ordered to appear and be transported by U.S. Marshals Service. Mailed notice (mw, ) (Entered: 01/23/2020) |
| 03/06/2020 | 🔒 | (Court only) Set/Reset Hearings as to Concepcion Malinek: Jury Trial set for 06/24/2020 at 9:00 AM. (mw,) (Entered: 03/06/2020) |
| 03/16/2020 | 40 | ORDER as to Concepcion Malinek Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020. Mailed notice. (td, ) (Entered: 03/17/2020) |
| 03/17/2020 | 41 | ORDER as to Concepcion Malinek On March 17, 2020, Amended General Order 20-0012 was further revised for all criminal matters. Paragraph 3(i) of the Amended Order, related to criminal matters, is hereby replaced with the following language: All other criminal hearings of any kind scheduled from March 17, 2020 until April 3, 2020 are stricken from the calendar, to be re-set by the presiding judge for a date on or after April 6, 2020. Also, any other deadlines, including motions, briefing, and discovery deadlines, whether set by the court or by the Rules of Criminal Procedure or Local Rules, are hereby extended by 21 days from the current deadline set. This 21-day extension is subject to modification by the presiding judge assigned to the case. See attached order. Revisions appear in red text.Signed by the Honorable Rebecca R. Pallmeyer on 3/17/2020. Mailed notice. (tg, ) (Entered: 03/18/2020) |
| 03/30/2020 | 42 | ORDER as to Concepcion Malinek Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020. Mailed notice. (docket16, ) (Entered: 03/31/2020) |
| 04/06/2020 | 43 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: In light of Defendant's in-custody status, the Court hopes to maintain the 06/22/2020 trial date. So for now the pretrial-filing deadlines, R. 39, remain in place. In light of the public-health concerns, the Court of course will consider any extension motion on any deadline. The status hearing of 04/27/2020 is reset to 05/13/2020 at 10:30 a.m., Defendant ordered to appear and be transported by U.S. Marshals Service. Mailed notice (mw, ) (Entered: 04/06/2020) |
| 04/23/2020 | 44 | MOTION by Concepcion Malinek to continue *trial* (Rascia, Robert) (Entered: 04/23/2020) |
| 04/24/2020 | 46 | ORDER as to Concepcion Malinek Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020. Mailed notice. (docket13, ) (Entered: 04/27/2020) |
| 04/27/2020 | 45 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Defendant's unopposed motion to continue trial 44 is granted. Via email, the courtroom deputy communicated with the parties to schedule a new date. After conferral, the trial start date is 08/31/2020. Subpoenas must be promptly adjusted or served when safe to do so. The new pretrial filings deadline is as follows: by 07/13/2020, the parties shall file the Joint Pretrial Statement, witness lists, exhibits lists, motions in limine, and the jury instructions and verdict form (visit Judge Chang's website for the details). The parties shall start promptly on the preparation; these requirements are very detailed and take advance conferral with one another. Responses to the motions in limine due 07/20/2020. Replies due 07/27/2020. Pretrial conference reset to 08/05/2020 at 1:00 p.m. Pursuant to 18 U.S.C. 3161(h)(7)(A) and (B), time is excluded from 06/22/2020 through 08/31/2020 because the ends of justice outweigh the interests of the defendant and the public in a speedy trial given the need for trial preparation. Status hearing of 05/13/2020 is vacated. Instead, on 07/13/2020, the parties shall file a concise status report stating whether any active plea negotiations are ongoing and reporting on any other pertinent matter. Defendant ordered to appear and be transported by U.S. Marshals Service for the pretrial conference on 08/05/2020. Mailed notice (mw, ) (Entered: 04/27/2020) |
| 05/14/2020 | 47 | MOTION by Concepcion Malinek for release from custody (Rascia, Robert) (Entered: 05/14/2020) |

| | | |
|---|---|---|
| 05/14/2020 | 48 | MINUTE entry before the Honorable Gary Feinerman:as to Concepcion Malinek.This order is entered before District Judge Feinerman in his capacity as emergency judge. Defendant Malinek has filed a motion to revoke detention order (Dkt. 47 in Case 19 CR 277) (Dkt. 913 in Case 20 C 1792). The motion is denied in part insofar as it raises COVID-related issues, and is entered and continued in part for ruling by District Judge Chang on the other issues presented. The motion briefly mentions COVID-19 as a basis for releasing Defendant. Although the motion states that Defendant has certain medical risk factors, her release is not warranted because she does not argue, let alone show, that there are any specific COVID-19 risks at Livingston County Jail, where she is being detained. The Clerk is directed to terminate this motion in Case 20 C 1792. To the extent it is entered and continued, the motion shall remain pending in Case 19 CR 277 for action by District Judge Chang. Mailed notice. (jlj, ) (Entered: 05/14/2020) |
| 05/15/2020 | 49 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: On the remaining aspects of the release motion 47 , that is, the aspects not relating to Covid-19, the government's response is due by 05/18/2020. The defense may reply by 05/20/2020. To track the motion only (no appearance is required, the case will not be called) a status hearing is set for 05/22/2020 at 8:30 a.m. Mailed notice (mw, ) (Entered: 05/15/2020) |
| 05/18/2020 | 50 | MOTION by Concepcion Malinek for Emergency Furlough or Escorted Trip (Rascia, Robert) (Entered: 05/18/2020) |
| 05/18/2020 | 51 | RESPONSE by USA as to Concepcion Malinek regarding MOTION by Concepcion Malinek for Emergency Furlough or Escorted Trip 50 , MOTION by Concepcion Malinek for release from custody 47 (Parente, Christopher) (Entered: 05/18/2020) |
| 05/19/2020 | 52 | SUPPLEMENTAL Addendum as to Concepcion Malinek (SEALED) (Schroeder, Samuel) (Entered: 05/19/2020) |
| 05/19/2020 | 53 | AMENDMENT of MOTION by Concepcion Malinek for Emergency Furlough or Escorted Trip 50 filed by Concepcion Malinek *(Addendum)* (Rascia, Robert) (Entered: 05/19/2020) |
| 05/20/2020 | 54 | REPLY by Concepcion Malinek to MOTION by Concepcion Malinek for release from custody 47 *Defendant's Reply Brief in Support of Her Motion* (Rascia, Robert) (Entered: 05/20/2020) |
| 05/21/2020 | 55 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: On review of Defendant's motions for release 47 and temporary furlough 50 , the motions are denied. The motion was somewhat hampered by the absence of the transcript of the detention hearing held on 03/28/2019, R. 5, but in any event the current record justifies detention. First, a rebuttable presumption applies, 18 U.S.C. § 3142(e)(3)(D), given the charged crimes. Defendant has not rebutted the presumption of flight risk (the Court need not decide whether danger to the community would independently justify detention). As an initial matter, Defendant has a strong incentive to flee: if convicted, the government will likely propose a substantial sentence of 87-108 months. R. 51 at 4. Adding to that incentive is the weight of the evidence, which is strong (at least on this record, without adversarial testing yet). The Complaint Affidavit, which is presented under oath, sets forth evidence from four alleged victims, evidence of fraudulent identification documents, and evidence from the initial results of the search warrant executed at Defendant's house. Of course, Defendant is presumed innocent, and the jury will be so instructed. But there was no factual rebuttal in Defendant's briefing of the government's evidence, so the Court must find that the weight of the evidence gives Defendant a convincing reason to flee. Beyond motive to flee, Defendant has the opportunity to do so. She is a native of Guatemala, plus holds dual citizenship there, has family there, and owns property there. Defendant proposes that her spouse can serve as a third-party custodian, but the alleged crime took place in the same house in which he was living, so there is little reason for confidence that he could or would prevent Defendant from fleeing. On the Covid-19 concern, that of course is a serious concern for all detainees, and Defendant's weight and diabetes increase the risk. But the government reports, without rebuttal from Defendant, that Livingston County Jail has no confirmed cases of Covid-19. In contrast, tragically both of Defendant's parents contracted Covid-19 in the house to which Defendant proposes to reside. Also, though less significantly, it appears that Defendant's husband continues to work outside the home, so there is an ongoing risk of exposure. Given the flight risk, the presumption has not been rebutted, and the motion for release is denied. The request for a temporary furlough is denied on the same flight risk. Also, the request for an escorted trip 50 is also denied. Right now, devoting overtaxed Marshals Service and Bureau of Prisons resources to escorting a detainee is unreasonable, and would further expose Defendant, the escort guards, and the detainees (after Defendant returns) to a risk of Covid-19. It is deeply unfortunate that Defendant's mother has passed and her father is seriously ill, but the circumstances do not justify release, furlough, or escort. The status hearing of 05/22/2020 is vacated. Mailed notice (mw, ) (Entered: 05/21/2020) |
| 05/26/2020 | 56 | ORDER as to Concepcion Malinek ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020. Mailed notice. (docket13, ) (Entered: 05/26/2020) |
| 07/01/2020 | 57 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: In light of a trial conflict, the pretrial conference set for 08/05/2020 is reset to 08/11/2020 at 1:30 p.m., after conferral with the lawyers for both sides. Defendant ordered to appear and be transported by U.S. Marshals Service for the pretrial conference on 08/11/2020. Emailed notice (mw, ) Modified on 7/16/2020 (mw, ). (Entered: 07/01/2020) |
| 07/10/2020 | 58 | ORDER as to Concepcion Malinek Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020. Mailed notice. (clerk1, Docket) (Entered: 07/10/2020) |

| | | |
|---|---|---|
| 07/13/2020 | 59 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: The parties contacted the courtroom deputy to report that the Defendant has signed a plea declaration and is ready to set a change of plea hearing. Counsel for Defendant reported to the courtroom deputy that Defendant has consented to appear by phone under CARES Act Section 15002(b)(2)(A) (the telephone platform has the capability of private conferral between defense counsel, the Defendant, and the interpreter). A separate CARES Act finding will be entered; video is not reasonably available at this point when compared to the superior reliability of the phone platform. The change of plea by teleconference is set for 07/16/2020 at 3:30 p.m. Members of the public and media will be able to call-in to listen to this hearing. The call-in number is (877) 336-1831 and the access code is 1736479. Counsel of record will receive an email before the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. For now, the litigation deadlines are suspended. Emailed notice (mw, ) (Entered: 07/13/2020) |
| 07/13/2020 | 60 | ORDER as to Concepcion Malinek signed by the Hon. Edmond E. Chang. Emailed notice (mw, ) (Entered: 07/13/2020) |
| 07/15/2020 | 61 | United States Bill of Particulars for Fofeiture of Certain Property by USA as to Concepcion Malinek (Parente, Christopher) (Entered: 07/15/2020) |
| 07/16/2020 | 62 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Defense counsel just alerted the courtroom deputy that Defendant is not ready to enter the plea today in light of a restitution issue. The change of plea is converted to a telephone status hearing, including the Defendant. Emailed notice (mw, ) (Entered: 07/16/2020) |
| 07/16/2020 | 63 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Telephonic status hearing held. Defendant appeared by telephone with the assistance of counsel and an interpreter. Defense counsel reported that the Defendant does intend to change her plea, but the parties are conferring on restitution. As explained in the hearing, whether to plead is entirely up to the Defendant, but the trial date remains intact and the court must restart the pretrial-filings deadlines. By 07/27/2020, the parties shall file the Joint Pretrial Statement, witness lists, exhibits lists, motions in limine, and the jury instructions and verdict form (again, visit Judge Chang's website for the details, and as previously warned, the requirements are very detailed and take advance conferral with one another). Responses to the motions in limine due 08/032020. Replies due 08/06/2020. Pretrial conference remains set for 08/11/2020 and jury trial remains set for 08/31/2020. Emailed notice (mw, ) (Entered: 07/16/2020) |
| 07/16/2020 | 64 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: In light of R. 61, the Court also notes that, because of the forfeiture allegation in the superseding indictment, any plea colloquy would also cover the potential for forfeiture. So if the Defendant decides to ask for a change of plea hearing, it would be wise for defense counsel to discuss this with the Defendant if that has not already been the subject of conferral. Emailed notice (mw, ) (Entered: 07/16/2020) |
| 07/23/2020 | 65 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: The parties contacted the courtroom deputy to report that the Defendant is ready to set a change of plea hearing. Counsel for Defendant reported to the courtroom deputy that Defendant has consented to appear by phone under CARES Act Section 15002(b)(2)(A) (the telephone platform has the capability of private conferral between defense counsel, the Defendant, and the interpreter). The prior CARES Act finding remains in place. The change of plea by teleconference is set for 07/28/2020 at 1:00 p.m. Members of the public and media will be able to call-in to listen to this hearing. The call-in number is (877) 336-1831 and the access code is 1736479. Counsel of record will receive an email before the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. For now, the litigation deadlines are suspended but will be immediately reinstated if the plea is not completed. Emailed notice (mw, ) (Entered: 07/23/2020) |
| 07/28/2020 | 66 | ORDER as to Concepcion Malinek: Telephone change of plea hearing held. Defendant is in custody and appeared with the assistance of counsel. Defendant was placed under oath and again affirmed her consent to appear by phone under CARES Act Section 15002(b)(2)(A). Based on a plea declaration, Defendant entered a plea of guilty to Count Ten of the Superseding Indictment. The Court found that Defendant is competent, has had the assistance of counsel, understands the charges and the maximum penalties, knows her trial rights, and is entering the plea voluntarily. There is a factual basis for the plea. The Court accepted Defendant's plea of guilty. Local Criminal Rule 32.1 (d) requires that, after a determination of guilt, "the attorney for the defendant and the defendant, unless in custody, shall report immediately to the probation department to begin the presentence investigation." Defendant shall participate in an interview, if any, with the probation department, within 14 days after the determination of guilt. The case is referred to the Probation Office for preparation of the presentence report. As required by Local Rule 32.1(e), the government shall submit its version by 08/11/2020. Defendant must submit her version by 08/18/2020. Any sentencing memoranda discussing 18 U.S.C. 3553(a) factors or objections to the presentence report must be filed (in one combined filing per side) on or before 10/05/2020. Any cross-responses to be filed by 10/13/2020. ***DATE/TIME CHANGE: Sentencing set for 10/26/2020 at 1:00 p.m.*** The parties are alerted that the Court sets aside both substantial in-advance preparation time and substantial in-court time for sentencing hearings. Any motion to continue a sentencing must be made in writing, well in advance of sentencing, and must expressly set forth good cause for a continuance. After balancing the factors discussed in United States v. Peterson, 711 F.3d 770, 779 (7th Cir. 2013), the Court has decided to generally require the Probation Office to provide a copy of its Sentencing Recommendation to Defendant's counsel and to the government's counsel, and that requirement applies here. Within Defendant's Position Paper counsel shall state whether Defendant agrees to proceed by video or telephone, or instead prefers in-person (it is up to Defendant, the Court is simply offering remote methods to minimize in-person court appearances). The Court alerts Defendant to the current 14-day quarantine requirement, but it is not known whether it will |

| | | be in effect in 10/2020. Defendant given leave to file an amended plea declaration as discussed during the colloquy. As to the remaining counts, pursuant to 18 U.S.C. 3161(h)(7)(A) and (B), and without objection, time is excluded from 07/28/2020 to 10/26/2020 in the interest of justice given the pending sentencing. Pretrial conference date of 08/11/2020 and jury trial date of 08/31/2020 are vacated. At this time, Defendant ordered to appear and be transported by U.S. Marshals Service. Signed by the Honorable Edmond E. Chang on 7/28/2020. Mailed notice. (jh, ) (Entered: 07/30/2020) |
|---|---|---|
| 07/28/2020 | 67 | PLEA Declaration as to Concepcion Malinek. (jh, ) (Entered: 07/30/2020) |
| 07/28/2020 | 🔒 | (Court only) Plea entered by Concepcion Malinek (1) Guilty Count 10s. (ec, ) (Entered: 04/23/2021) |
| 07/29/2020 | 🔒 | (Court only) Terminate Hearings as to Concepcion Malinek: Jury trial and pretrial dates terminated. (mw, ) (Entered: 07/29/2020) |
| 07/31/2020 | 68 | PLEA Declaration by Concepcion Malinek *(Amended)* (Rascia, Robert) (Entered: 07/31/2020) |
| 09/16/2020 | 69 | MOTION by USA for forfeiture as to Concepcion Malinek *for Entry of Preliminary Order of Forfeiture* (Parente, Christopher) (Entered: 09/16/2020) |
| 09/18/2020 | 🔒 70 | (Court only) SENTENCING Recommendation as to Concepcion Malinek (SEALED) (Mosley, Crystal) (Entered: 09/18/2020) |
| 09/18/2020 | 71 | PRESENTENCE Investigation Report as to Concepcion Malinek (SEALED) (Attachments: # 1 Supplement Plea Agreement)(Mosley, Crystal) (Entered: 09/18/2020) |
| 10/05/2020 | 72 | SENTENCING MEMORANDUM as to Concepcion Malinek (Parente, Christopher) (Entered: 10/05/2020) |
| 10/06/2020 | 73 | MOTION by Concepcion Malinek to continue *sentencing hearing (unopposed)* (Rascia, Robert) (Entered: 10/06/2020) |
| 10/07/2020 | 74 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Defendant's unopposed sentencing continuance motion 73 is granted. The sentencing is reset from 10/26/2020 to 12/07/2020 at 2:00 p.m. The defense sentencing memorandum is due by 11/20/2020. The government's reply memorandum, if any, is due by 11/27/2020. Counsel for Defendant reported to the courtroom deputy and government's counsel that Defendant is choosing to appear in-person at this time. Defendant ordered to appear and be transported by U.S. Marshals Service. Emailed notice (mw, ) (Entered: 10/07/2020) |
| 11/19/2020 | 75 | MOTION by Concepcion Malinek to continue *sentencing hearing (unopposed)* (Rascia, Robert) (Entered: 11/19/2020) |
| 11/24/2020 | 76 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: The Defendant's unopposed motion to continue sentencing 75 is reset to 02/17/2021. The defense sentencing memorandum is due by 01/18/2021. The government's reply memorandum, if any, is due by 01/25/2021. The defense sentencing memorandum must list the potential witnesses, describe the subject matter of the testimony, and the approximate length of testimony. The government reply must do the same if there are any victims or witnesses offered by the government. (The parties may agree to refrain from formal examination if all of the witnesses are victims and character witnesses. Any such agreement should be reported in the sentencing memoranda if feasible.) Defendant ordered to appear and be transported by U.S. Marshals Service. Emailed notice (mw, ) (Entered: 11/24/2020) |
| 11/24/2020 | 77 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: The Court's previous minute entry is amended to reflect: The Defendant's unopposed motion to continue sentencing 75 is granted. Sentencing set for 12/07/2020 is reset to 02/17/2021 at 1:00 p.m. The defense sentencing memorandum is due by 01/18/2021. The government's reply memorandum, if any, is due by 01/25/2021. The defense sentencing memorandum must list the potential witnesses, describe the subject matter of the testimony, and the approximate length of testimony. The government reply must do the same if there are any victims or witnesses offered by the government. (The parties may agree to refrain from formal examination if all of the witnesses are victims and character witnesses. Any such agreement should be reported in the sentencing memoranda if feasible.) Defendant ordered to appear and be transported by U.S. Marshals Service. Emailed notice (mw, ) (Entered: 11/24/2020) |
| 01/18/2021 | 78 | SENTENCING MEMORANDUM as to Concepcion Malinek (Rascia, Robert) (Entered: 01/18/2021) |
| 02/03/2021 | 79 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: At the parties' request, status hearing set for 02/08/2021 at 10:00 a.m. Counsel for Defendant reported to the Courtroom that Defendant's appearance can be waived for this status hearing and that he agrees to appear by telephone. The hearing will proceed by telephone. Members of the public and media will be able to call in to listen to this hearing. The call-in number is (877) 336-1831 and the access code is 1736479. Counsel of record and the Probation Officer will receive an email before the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (mw, ) (Entered: 02/03/2021) |
| 02/08/2021 | 80 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Telephone status hearing held. Counsel for the Defendant, government's counsel, and victim counsel appeared by telephone. In a prior communication with the courtroom deputy and the government, defense counsel previously waived the Defendant's appearance for this status hearing. As discussed during the hearing, two of the three proposed victim-witnesses are authorized to testify by remote means even if their testimony involves a factual dispute. The Defendant's witnesses may also appear by remote means or in-person. By 02/12/2021, counsel for the Defendant shall email the courtroom deputy, with government's counsel copied, to report if defense witnesses will be appearing in-person or by video. In any event, counsel, victims, witnesses, and any spectators, visitors, or members of the press are to follow Judge Chang's SAFETY PROTOCOL FOR |

| | | BENCH PROCEEDINGS as outlined on his webpage (https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/Chang/ORDER_bench_proceedings_protocol_2020_11_19_FINAL.pdf. Emailed notice (mw, ) (Entered: 02/08/2021) |
|---|---|---|
| 02/09/2021 | 81 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Members of the public and media will be able to call in to listen to the 02/17/2021 sentencing hearing. The call-in number is 1-650-479-3207 and the access code is 1804344976##. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (mw, ) (Entered: 02/09/2021) |
| 02/12/2021 | 82 | PRESENTENCE Investigation Report (Supplemental) as to Concepcion Malinek (SEALED) (Dawson, Sabrina) (Entered: 02/12/2021) |
| 02/14/2021 | 83 | MINUTE entry before the Honorable Edmond E. Chang: Defendant Malinek, as is her right, continues to choose an in-person sentencing. The sentencing hearing would require the in-person presence of at least the lawyers (including two on the defense side), the defendant, the case agent, the Deputy Marshals, the Court Security Officer, two interpreters, and the judge. Also, accommodation would have to be made for the press and the general public. That list does not include the courtroom deputy, court reporter, and Probation Officer, all of whom conceivably could participate by phone. As a result of conferring with the counsel on both sides about the number of proposed in-person attendees and witnesses, and after conferring with the Clerk's Office and the Chief Judge, the Court informed the parties of the unavailability of an overflow courtroom (give the staffing resources need to maintain one) and the need for a two-person cap on the number of in-person attendees, with the alternative being a continuance until after 03/15/2021, when the District Court hopes to allow more persons into the Courthouse. The government agreed to the cap, but the Defendant preferred a continuance. The sentencing hearing is continued to 03/23/2021 at 1 p.m. Dial-in information for remote listening will be posted on the docket as the date approaches. Emailed notice (Chang, Edmond) (Entered: 02/14/2021) |
| 02/16/2021 | 84 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: The production request to produce the Defendant for sentencing on 02/17/2021 is hereby vacated. The U.S. Marshal's Service is ordered to produce the Defendant, in-person, on 03/23/2021 at 1:00 p.m. for sentencing. Emailed notice (mw, ) (Entered: 02/16/2021) |
| 02/23/2021 | 85 | SUPPLEMENTAL Report as to Concepcion Malinek (SEALED) (Mosley, Crystal) (Entered: 02/23/2021) |
| 02/23/2021 | 86 | PRESENTENCE Investigation Report (Supplemental) as to Concepcion Malinek (SEALED) (Mosley, Crystal) (Entered: 02/23/2021) |
| 03/17/2021 | 87 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Members of the public and media who cannot attend in person may listen remotely to the 03/23/2021 hearing. The call-in number is (650) 479-3207 and the access code is 1804344976##. Counsel of record will receive an email before the start of the hearing with instructions for witnesses to login into the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (mw, ) (Entered: 03/17/2021) |
| 03/22/2021 | 88 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Due to the restricted number of court spectators allowed in the courtroom to maintain social distancing, the Court has secured two additional courtrooms that will provide a live video stream of the 03/23/2021 sentencing. Courtrooms 1224 and 1419 have been designated as overflow courtrooms. Any victims, witnesses, and any spectators, visitors, or members of the press are to follow the Court's Coronavirus/COVID-19 Guidelines: https://www.ilnd.uscourts.gov/Pages.aspx?page=guidance_covid19. Persons viewing the proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (mw, ) (Entered: 03/22/2021) |
| 03/23/2021 | 89 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Video sentencing hearing begun. Defendant Malinek is in custody and appeared in Court with the assistance of counsel. The Defendant was placed under oath and affirmed she had time to consult with her counsel and is ready to proceeding to sentencing. After hearing arguments on the Guidelines disputes and resolving them, the government presented testimony of three victims by video (Victims 10, 3, and 4) and one by phone (Victim 8). The government then read the victim impact statements of Victims 2 and 7. At the start of the reading of the statement of Victim 9, the Defendant experienced medical distress. After evaluation by the Marshals Service and in the interest of the Defendant's well-being, the Court and the parties agreed to adjourn the sentencing for the day. Defense counsel will arrange to speak with the Defendant and will email the Courtroom Deputy, copying government's counsel, with an update on the Defendant's health along with proposed dates for continuation of the sentencing. Public-access information will be posted on the docket. Emailed notice (mw, ) (Entered: 03/23/2021) |
| 03/23/2021 | 90 | ATTORNEY Appearance for defendant Concepcion Malinek by Liam Kelly (Kelly, Liam) (Entered: 03/23/2021) |
| 03/30/2021 | 91 | PRESENTENCE Investigation Report as to Concepcion Malinek (SEALED) (Attachments: # 1 Supplement Plea Declaration)(Dawson, Sabrina)*** PSR (Document #82) Refiled due to formatting corrections ONLY per USPO request. (Entered: 03/30/2021) |
| 04/02/2021 | 92 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: After conferral between the courtroom deputy and counsel for the parties, continued in-person sentencing set for 04/19/2021 at 1:00 p.m. Due to the restricted number of court spectators allowed in the courtroom to maintain social distancing, the Court has secured an additional courtroom that will provide a live video stream of the sentencing. Courtroom 2141 has been designated as |

| | | |
|---|---|---|
| | | overflow courtroom. Any victims, witnesses, and any spectators, visitors, or members of the press are to follow the Court's Coronavirus/COVID-19 Guidelines: https://www.ilnd.uscourts.gov/Pages.aspx?page=guidance_covid19. Persons viewing the proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Members of the public and media who cannot attend in person may listen remotely to the hearing. The call-in number is (650) 479-3207 and the access code is 1609927428##. Counsel of record will receive an email before the start of the hearing with instructions for witnesses or victims to login into the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. U.S. Marshal to produce the Defendant for sentencing. Emailed notice (mw, ) (Entered: 04/02/2021) |
| 04/19/2021 | 93 | MINUTE entry before the Honorable Edmond E. Chang as to Concepcion Malinek: Continued in-person sentencing hearing held. Defendant is in custody and appeared in person with the assistance of counsel. Counsel for the government appeared in person. The Probation Officer appeared by video. The Defendant was sentenced to a term of 78 months in custody and 2 years of supervised release. The government and the Defendant agreed on restitution in the total amount of $112,545.00, with individual amounts as agreed on in a spreadsheet circulated before the sentencing. The government's motion for Entry of Preliminary Order of Forfeiture 69 is granted without objection. Judgment in a criminal case to follow. Emailed notice (mw, ) (Entered: 04/19/2021) |
| 04/19/2021 | 94 | PRELIMINARY ORDER OF FORFEITURE Signed by the Honorable Edmond E. Chang on 04/19/2021. Emailed notice (mw, ) (Entered: 04/19/2021) |
| 04/19/2021 | 🔒 | (Court only) ***Procedural Interval start (P6) count(s) 10s as to Concepcion Malinek (ec, ) (Entered: 04/23/2021) |
| 04/21/2021 | 95 | STATEMENT of Correction as to Concepcion Malinek (SEALED) (Mosley, Crystal) (Entered: 04/21/2021) |
| 04/22/2021 | 96 | JUDGMENT (Sentencing Order) as to Concepcion Malinek (1), Count(s) 10s, THE DEFENDANT: pleaded guilty to Count Ten of the Superseding Indictment. All remaining Counts are dismissed on the motion of the United States. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: Seventy-Eight (78) months as to Count 10 of the Superseding Indictment. The defendant is remanded to the custody of the United States Marshal. Upon release from imprisonment, you shall be on supervised release for a term of: two (2) years. Criminal Monetary Penalties. Schedule of Payments. Preliminary order of forfeiture., (Terminated defendant Concepcion Malinek). Signed by the Honorable Edmond E. Chang on 4/22/2021. Mailed certified copy to Defendant Concepcion Malinek's counsel of record Robert Louis Rascia. (ec, ) (Entered: 04/23/2021) |
| 04/22/2021 | 97 | STATEMENT of Reasons as to Concepcion Malinek (SEALED). Mailed certified copy to Defendant Concepcion Malinek's counsel of record Robert Louis Rascia. (ec, ) (Entered: 04/23/2021) |
| 04/22/2021 | 98 | SEALED VICTIM INFORMATION LIST regarding judgment 96 (ec, ) (Entered: 04/23/2021) |
| 04/23/2021 | | JUDGMENT and Commitment as to Concepcion Malinek issued to U.S. Marshal via e-mail in PDF format. (ec, ) (Entered: 04/23/2021) |
| 04/23/2021 | | FORWARDED certified copy of Judgment (Sentencing Order) with Statement of Reasons to the Docketing Department of the U.S. Attorney's Office and the U.S. District Court's Fiscal Department as to Concepcion Malinek (ec, ) (Entered: 04/23/2021) |
| 05/03/2021 | 99 | NOTICE OF APPEAL by Concepcion Malinek Filing fee $ 505, receipt number 0752-18204002 Receipt number: N (Rascia, Robert) (Entered: 05/03/2021) |