```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   UNITED STATES OF AMERICA,       )
                                     )
 4            Plaintiff,             )
                                     )
 5            v.                     )   No. 19 CR 00277
                                     )
 6   CONCEPCION MALINEK,             )   Chicago, Illinois
                                     )   July 16, 2020
 7            Defendant.             )   3:43 p.m.

 8              TRANSCRIPT OF TELEPHONIC PROCEEDINGS

 9             BEFORE THE HONORABLE EDMOND E. CHANG

10   APPEARANCES TELEPHONICALLY:

11   For the Plaintiff:        HON. JOHN R. LAUSCH, JR.
                               United States Attorney
12                             BY:  MR. CHRISTOPHER V. PARENTE
                               Assistant United States Attorney
13                             219 South Dearborn Street, Suite 500
                               Chicago, Illinois 60604
14                             (312) 353-5300
                               christopher.v.parente@usdoj.gov
15
     For the Defendant:        MR. ROBERT L. RASCIA
16                             650 North Dearborn Street
                               Suite 700
17                             Chicago, Illinois 60654
                               (312) 994-9100
18                             rrascia@rasciadefense.com

19   ALSO PRESENT:             MR. JOSÉ PIÑA,

20                             Court Interpreter

21   Court Reporter:           Judith A. Walsh, CSR, RDR, F/CRR
                               Official Court Reporter
22                             219 South Dearborn Street, Room 2118
                               Chicago, Illinois 60604
23                             (312) 702-8865
                               judith_walsh@ilnd.uscourts.gov
24

25
```

1      (Proceedings heard telephonically:)
2           THE CLERK:  19 CR 277, USA versus Concepcion Malinek.
3           THE DEFENDANT:  Yes.
4           THE COURT:  All right.  Good afternoon, everyone.
5  This is Judge Chang.  I'm going to prompt the participants to
6  state their appearances and then take just a pause for a
7  second so that the interpreter can catch up because we have
8  consecutive interpretation rather than simultaneous.
9           THE DEFENDANT:  Okay.
10      (Pause for translation.)
11           THE COURT:  Okay.  First for the government.
12           MR. PARENTE:  Yes, Judge.  It's Chris Parente for the
13  United States.
14           THE COURT:  Okay.  And then for the defense?
15           MR. RASCIA:  Good afternoon, your Honor.  Robert
16  Rascia for Ms. Malinek.
17           THE COURT:  And I just want to ask Ms. Malinek to go
18  ahead and state her name.
19           THE DEFENDANT (through interpreter):  My name,
20  Concepcion Malinek.
21           THE COURT:  And then for the record, the interpreter,
22  please.
23           THE INTERPRETER:  Your Honor, good afternoon.  Jose
24  Piña, Spanish interpreter.
25           THE COURT:  All right.  We are -- we had planned on

1  convening a change of plea hearing, but I understand this has
2  turned into a status hearing. I'm going to ask Mr. Rascia
3  first to go ahead and tell me what the status is.
4          MR. RASCIA: Your Honor, over several meetings with
5  Malinek, Ms. Malinek, we have prepared a plea declaration.
6  Ms. Malinek does intend to enter a guilty plea in this case.
7          And based on language that's in the plea declaration,
8  the defendant is agreeing that she statutorily would be
9  obligated to pay restitution in this case.
10         And it would now be to all of the victims identified
11 in the superseding indictment, not just the victim in the
12 count that she's agreed to plead guilty to.
13         To make sure that Ms. Malinek fully understands the
14 obligation (inaudible) -- into by signing the plea
15 declaration, we asked the government to provide to us a
16 restitution figure prior to the time that she actually enters
17 her plea so she knows fully what her obligations are.
18         Mr. Parente has advised me that he has some
19 information relating to some of the victims but not all of the
20 victims as we speak.
21         THE COURT: Okay. This is Judge Chang again. Let me
22 ask the government to comment on the status then.
23         MR. PARENTE: Judge --
24    (Pause for translation.)
25         MR. PARENTE: The government agrees with Mr. Rascia's

1 summary of kind of where we are. I think as your Honor knows,
2 the statutory -- for restitution, usually those numbers are
3 provided post-plea but presentencing. I can let the Court
4 know, in this case specifically, we have ten separate victims
5 who are represented by attorneys who I believe are on this
6 call and who are working with the individual victims to kind
7 of get for defense counsel the government's best estimate of
8 what the restitution will be. Obviously, that number --
9     THE COURT: Why don't you pause for a second, and
10 we'll let Mr. Piña translate.
11     (Pause for translation.)
12     MR. PARENTE: And your Honor knows somewhat of the
13 facts of this case. It is a labor trafficking case, and the
14 defendant is liable for the full amount of the victims' losses
15 which include -- you know, the easy numbers are how much they
16 paid her as part of this debt servitude, but the more
17 difficult numbers are going to be victim-specific including
18 whether these victims need or want psychiatric care going
19 forward and costs like that that are going to have to come
20 from individual conversations with each of the represented
21 victims which the government is working closely with the
22 attorneys on.
23     (Pause for translation.)
24     THE COURT: Mr. Parente, do you have a timeline?
25     MR. PARENTE: I told defense counsel, your Honor, I

1  think two weeks would be sufficient to at least provide a --
2  you know, a baseline number. Obviously, that number can go up
3  or down as we get closer to sentencing and different things
4  come up but again, obviously your Honor will be making the
5  final determination as to what the final number will be.
6        THE COURT: Okay. Here is my take on the situation.
7  It is, of course, 100 percent the defendant's decision on
8  whether to proceed to a change of plea with or without the
9  restitution figures in mind.
10       So yes, Mr. Piña, go ahead.
11    (Pause for translation.)
12       THE COURT: Because I want to steer well clear of
13 getting into the middle of any plea negotiations, I will only
14 say this. We have a trial date of August 31. And I have set
15 aside that time to try the case. And the pretrial schedule
16 has been suspended for now, but I need to restart it if we
17 don't have a plea as we don't at this point.
18       Mr. Piña, go ahead, please.
19       THE INTERPRETER: Yes, your Honor.
20    (Pause for translation.)
21       THE COURT: Okay. So the best I can do for you with
22 the pretrial conference of August 11 is to reset the joint
23 pretrial statement deadline to July 27. That will include
24 motions in limine, witness and exhibit lists, and jury
25 instructions just as it was before.

1        Mr. Piña, you can go ahead.
2        THE INTERPRETER:  Yes, your Honor.
3     (Pause for translation.)
4        THE COURT:  The deadline for responses to motions in
5  limine is August 3rd, and any replies are due August 6th.  And
6  the pretrial conference will stay where it is.  I have another
7  trial set for August 24 as well so that -- I'm sorry.
8        Go ahead, Mr. Piña.
9     (Pause for translation.)
10       THE COURT:  So basically Ms. Malinek, with
11 Mr. Rascia's advice, of course, will just have to decide for
12 herself whether to proceed with a change of plea or, you know,
13 whether this pretrial schedule is going to go forward.  And at
14 this point, I'm not going to set another change of plea date
15 unless and until the parties reach out to me, and then I'll
16 fit you in where I can.
17       Mr. Piña?
18       THE INTERPRETER:  Yes, your Honor.
19    (Pause for translation.)
20       THE COURT:  Okay.  So, Mr. Rascia, you know, I
21 appreciate where you and Ms. Malinek are in terms of your
22 decision-making process.  So I'll leave it in your hands and
23 in her hands.  And is there any other comment you would like
24 to make at this time?
25       MR. RASCIA:  No, Judge.  Thank you for the additional

1  time.  Mr. Parente has provided some information already to
2  me, so I think we're hopefully going to be where we need to be
3  before the deadline for the filing of any pretrial motions and
4  the pleadings that are due on the 27th of July.  I'll continue
5  to communicate with Mr. Parente and hopefully, we can bring
6  that to a resolution.
7       (Pause for translation.)
8       THE COURT:  Very well.  Mr. Parente, anything else
9  for the government?
10      MR. PARENTE:  No, your Honor.
11      THE COURT:  Okay.  Then I'll just await word from the
12 parties.  And we are adjourned.
13      (Proceedings adjourned at 3:59 p.m.)
14                       * * * * * * *
15                    C E R T I F I C A T E
16      I, Judith A. Walsh, do hereby certify that the
17 foregoing is a complete, true, and accurate transcript of the
18 telephonic proceedings had in the above-entitled case before
19 the Honorable EDMOND E. CHANG, one of the judges of said
20 court, at Chicago, Illinois, on July 16, 2020.
21
22 */s/ Judith A. Walsh, CSR, RDR, F/CRR*_____         July 12, 2021
23 Official Court Reporter
   United States District Court
24 Northern District of Illinois
   Eastern Division
25